HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROGER LEISHMAN,<br><br>       Plaintiff,<br><br>  v.<br><br>WASHINGTON ATTORNEY<br>GENERAL'S OFFICE; SHANE<br>ESQUIBEL and ANN ESQUIBEL;<br>NOAH PURCELL; ELIZABETH<br>CHRISTINA BEUSCH; PAIGE<br>DIETRICH; ALLYSON JANAY<br>FERGUSON; KARI HANSON;<br>SUZANNE LIABRAATEN; VALERIE<br>PETRIE; MICHAEL JAMES SHINN;<br>OFFICE OF RISK MANAGEMENT;<br>KATHRYN NADINE REYNOLDS;<br>WESTERN WASHINGTON<br>UNIVERSITY; and BRUCE SHEPARD<br>and CYNDIE SHEPARD,<br><br>       Defendants. | No. 2:20-cv-00861-RAJ<br><br>AMENDED COMPLAINT<br><br>JURY DEMANDED |

Plaintiff Roger Leishman alleges as follows:

## I.  INTRODUCTION

1.  No one is above the law – not even lawyers, let alone government lawyers.

In Spring 2016, two of the State's top employment lawyers, Chief Deputy Attorney

AMENDED COMPLAINT - 1

General Shane Esquibel and Senior Counsel Kari Hanson, mishandled the State's response to a gay disabled employee. When other lawyers in the Attorney General's Office discovered Esquibel and Hanson's errors, they chose not to correct or to mitigate the impact of their co-workers' mistakes. Instead, Defendants embarked on a shameful campaign of denial, cover up, and abuse of power. This lawsuit is the result.

## II.  PARTIES

2.      Plaintiff Roger Leishman is a resident of Whatcom County, Washington.

3.      Defendant Washington Attorney General's Office is an agency of the State of Washington.

4.      At all times relevant herein, Defendant Shane Esquibel was the Chief Deputy Attorney General of Washington. Esquibel is married to Ann Esquibel. Esquibel acted for the benefit of the marital community, and as the agent of Defendant Attorney General's Office.

5.      Defendant Noah Purcell is the Solicitor General of Washington. At all times relevant herein, Defendant Purcell acted for the benefit of any marital community, and as the agent of Defendant Attorney General's Office.

6.      Defendant Elizabeth Christina Beusch is a Deputy Attorney General. At all times relevant herein, Defendant Beusch acted for the benefit of any marital community, and as the agent of Defendant Attorney General's Office.

7.      Defendant Paige Dietrich is a Deputy Attorney General. At all times relevant herein, Defendant Dietrich acted for the benefit of any marital community, and as the agent of Defendant Attorney General's Office.

8.      Defendant Allyson Janay Ferguson is an Assistant Attorney General. At all times relevant herein, Defendant Ferguson acted for the benefit of any marital community, and as the agent of Defendant Attorney General's Office.

ROGER LEISHMAN, ESQ.
PO BOX 2207
BELLINGHAM, WASHINGTON  98227

9.     Until August 2019, Defendant Kari Hanson was an Assistant Attorney General. At all times relevant herein, Defendant Hanson acted for the benefit of any marital community, and as the agent of Defendant Attorney General's Office.

10.     Defendant Suzanne LiaBraaten is an Assistant Attorney General. At all times relevant herein, Defendant LiaBraaten acted for the benefit of any marital community, and as the agent of Defendant Attorney General's Office.

11.     Defendant Valerie Petrie is a Deputy Attorney General. At all times relevant herein, Defendant Petrie acted for the benefit of any marital community, and as the agent of Defendant Attorney General's Office.

12.     Michael James Shinn is an Assistant Attorney General. At all times relevant herein, Defendant Shinn acted for the benefit of any marital community, and as the agent of the Attorney General's Office.

13.     Defendants Attorney General's Office, Esquibel, Purcell, Beusch, Dietrich, Ferguson, LiaBraaten, Petrie, and Shinn are referred to collectively as "the AGO Defendants."

14.     Defendant Kathryn Nadine Reynolds is the Executive Director of the Washington Executive Ethics Board. At all times relevant herein, Defendant Reynolds acted for the benefit of any marital community.

15.     Defendant Office of Risk Management is an agency of the State of Washington.

16.     The AGO Defendants, Defendant Reynolds, and Defendant Office of Risk Management are referred to collectively as "the Public Accountability Defendants."

17.     Defendant Western Washington University ("WWU") is an agency of the State of Washington.

AMENDED COMPLAINT - 3

18.    Defendant Bruce Shepard is the former President of WWU. Shepard is married to Cyndie Shepard. At all times relevant herein, Defendant Shepard acted for the benefit of the marital community, and as the agent of WWU.

## III.  JURISDICTION AND VENUE

19.    Plaintiff Leishman brings this suit pursuant to 42 U.S.C. § 1983, the First and Fourteenth Amendments to the United States Constitution, and Article I, Section 4 of the Washington Constitution.

20.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

21.    Venue is properly in this Court pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claim occurred in this District.

## IV.  FACTS

**Plaintiff Roger Leishman**

22.    Leishman graduated from Yale Law School in May 1990, and has been a member of the Washington Bar since November 1990.

23.    After a distinguished twenty-five year career in private practice and public service, on July 14, 2015, Leishman began employment with the Washington Attorney General's Office in Bellingham as chief legal advisor to Western Washington University.

24.    Leishman is a gay disabled single father with three school-aged children. Ever since the Attorney General's Office fired him in May 2016, Leishman has been unable to find employment.

**Leishman's request for disability accommodation**

25.    Shortly after commencing work at the Attorney General's Office, Leishman began exhibiting serious trichotillomania, anxiety, and other symptoms. Leishman promptly disclosed his symptoms and his history of managing anxiety to the

ROGER LEISHMAN, ESQ.
PO BOX 2207
BELLINGHAM, WASHINGTON  98227

1    Attorney General's Office.

2    26.    Leishman's symptoms were rooted in trauma that occurred decades before,

3    but they were triggered and exacerbated by the Attorney General's Office and other

4    representatives of the State.

5    27.    On November 10, 2015, Leishman met with his new Bellingham physician,

6    who diagnosed him with Post Traumatic Stress Disorder and serious codependency, and

7    began Leishman's treatment.

8    28.    After repeatedly attempting to communicate with his employer about his

9    disability and symptoms, on February 22, 2016, Leishman submitted a detailed written

10    disability accommodation request.

11    29.    On March 1, 2016, Defendant Beusch denied Leishman's initial disability

12    accommodation request.

13    **Investigation into allegations of employer discrimination based on sexual orientation**

14    30.    Separate from Attorney General's Office's inadequate response to his

15    disability, Leishman was also the victim of workplace homophobia.

16    31.    During his performance evaluation on January 7, 2016, Leishman

17    discovered Defendant Attorney General's Office had taken adverse employment action

18    against him in October 2015 based on homophobic allegations made by his immediate

19    supervisor, Bellingham Education "Team Leader" Kerena Higgins. Neither Higgins nor

20    anyone else from the Attorney General's Office had previously informed Leishman about

21    her allegations, and never gave him an opportunity to respond.

22    32.    On March 2, 2016, Leishman submitted a formal sexual orientation

23    complaint pursuant to the Attorney General's Office's written anti-discrimination policy.

24    Leishman alleged the Attorney General's Office had discriminated against him on the

25    basis of sexual orientation in its handling of Higgins' homophobic allegations, and that the

AMENDED COMPLAINT - 5

1    Attorney General's Office's actions were part of a pattern of implicit and explicit

2    workplace homophobia.

3        33.    Leishman's discrimination complaint contended the Attorney General's

4    Office acted on the basis of deeply rooted implicit and explicit homophobia when it took

5    serious adverse action against him (such as giving $3,000 raises to every Assistant

6    Attorney General except Leishman in October 2015).

7        34.    The State of Washington and Seattle firm Ogden Murphy Wallace PLLC

8    ("OMW") are parties to a Master Contract under which OMW is authorized to provide

9    enumerated employment-related services to State agencies.

10       35.    On March 10, 2016, as authorized by the State's rigorous contract

11   procurement process, OMW executed a Work Order prepared by the Attorney General's

12   Office pursuant the Master Contract between the State and OMW.

13       36.    The Work Order authorized OMW to conduct an investigation solely

14   related to Leishman's complaint of discrimination based on sexual orientation.

15   **Defendant Attorney General's Office's abusive "home assignment"**

16       37.    On Friday, March 4, 2016, two days after submitting his sexual orientation

17   discrimination complaint, Leishman sent an email to Deputy Attorney General Christina

18   Beusch, who had denied his reasonable accommodation request on various enumerated

19   grounds earlier in the week. Leishman's email politely responded to each of the fallacious

20   arguments set forth in Defendant Beusch's denial letter.

21       38.    On Monday, March 7, 2016, Beusch's subordinate Regional Services

22   Division Chief Michael Shinn came to Leishman's office at WWU after placing a noon

23   meeting on his calendar that morning. Without any prior warning or explanation,

24   Defendant Shinn handed Leishman a letter from Defendant Beusch placing Leishman on

25   home assignment, effective immediately.

AMENDED COMPLAINT - 6

39. During their March 7, 2016 meeting, Defendant Shinn informed Leishman the Attorney General's Office was aware of his sexual orientation discrimination complaint and took it seriously, and said Leishman would be contacted when the Attorney General's Office appointed someone to investigate his discrimination complaint.

40. Leishman remained on home assignment from March 7, 2016 until his employment with the Attorney General's Office ended on June 1, 2016.

41. During this home assignment, no one from Defendant Attorney General's Office or Defendant WWU ever contacted Leishman, except for administrative communications related to scheduling and the investigation into Leishman's sexual orientation discrimination complaint. The Attorney General's Office refused even to forward Leishman's personal and professional correspondence.

42. Defendant Attorney General's Office's abusive indefinite home assignment exacerbated Leishman's disability symptoms and caused substantial distress to him and his family.

43. Defendant Attorney General's Office placed Leishman on its abusive home assignment in retaliation for Leishman's attempts to seek a nondiscriminatory workplace.

**Defendant Attorney General's Office's representations regarding investigation scope**

44. On March 15, 2016, Rochelle LaRose, a Managing Human Resources Consultant with the Attorney General's Office, informed Leishman that attorney-investigator Patrick Pearce, a member of OMW, had been appointed as an independent outside investigator to investigate the allegations in Leishman's sexual orientation discrimination complaint.

45. Because he was in the process of engaging an attorney with expertise in disability issues, Leishman asked LaRose to confirm the scope of the OMW Investigation was limited to his complaint of discrimination based on sexual orientation.

AMENDED COMPLAINT - 7

46.     During her March 15, 2016 telephone conversation with Leishman, LaRose confirmed the OMW Investigation was limited to the sexual orientation discrimination issues raised by Leishman's complaint to his employer.

47.     On March 16, 2016, Leishman spoke by telephone with Defendant Attorney General's Office's assigned investigator Patrick Pearce in preparation for their initial interview.

48.     During their March 16, 2016 telephone conversation, Leishman informed Pearce he understood the scope of the OMW Investigation was limited to discrimination based on sexual orientation.

49.     On March 17, 2016 and April 16, 2016, Pearce interviewed Leishman alone in a conference room at OMW's Seattle office.

50.     At the beginning of their March 17, 2016 interview, Pearce again informed Leishman that OMW's investigation was limited to the sexual orientation discrimination issues raised by Leishman's complaint.

51.     Leishman reasonably relied on representations by Defendant Attorney General's Office and its investigator regarding the scope of the OMW Investigation.

**Defendant Attorney General's Office knew Leishman was represented by counsel**

52.     Recognizing his own attempts to communicate with his employer regarding his disability were ineffective, during March 2016 Leishman interviewed various private employment attorneys.

53.     Leishman sought an experienced disability lawyer for the specific purpose of engaging with his employer on Leishman's behalf in the good faith interactive disability reasonable accommodation process required by the Americans with Disabilities Act and the Washington Law Against Discrimination.

AMENDED COMPLAINT - 8

54.     On March 22, 2016, Leishman engaged employment attorney Sean Phelan of the Seattle firm Frank Freed Subit & Thomas. Phelan has substantial experience in disability, mental illness, and reasonable accommodation issues.

55.     During 2016, Phelan represented Leishman in connection with all issues related to his employment dispute, with the sole exception of Leishman's pending sexual orientation discrimination complaint.

56.     On March 28, 2016, Phelan attempted to contact the Attorney General's Office regarding the status of his employment and potential accommodations of Leishman's disability.

57.     On March 29, 2016, Defendant Hanson telephoned Phelan and identified herself as the employment attorney representing the Attorney General's Office.

58.     In multiple communications to Defendant Hanson from March 29, 2016 through May 2, 2016, Phelan requested that Defendant Attorney General's Office engage in a good faith interactive dialogue about Leishman's disability.

59.     Defendant Hanson refused to communicate with Leishman's attorney about his disability, his accommodation request, his "home assignment," or the status of his employment.

60.     Defendant Hanson informed Phelan that the Attorney General's Office was waiting for OMW to complete its investigation into Leishman's sexual orientation discrimination complaint before Leishman's employer would respond to any of Phelan's inquiries.

**Secret expansion of OMW Investigation**

61.     What Leishman and his attorney did not know was that Defendant Attorney General's Office had secretly expanded the OMW Investigation beyond sexual orientation discrimination issues without amending the contractual Work Order and without

AMENDED COMPLAINT - 9

ROGER LEISHMAN, ESQ.
PO BOX 2207
BELLINGHAM, WASHINGTON  98227

1    informing Leishman.

2        62.    On March 11, 2016, Chief Deputy Attorney General Shane Esquibel

3    convened an introductory conference call with Pearce to discuss the scope of the OMW

4    Investigation.

5        63.    Within the Attorney General's Office's organization, the "Chief Deputy

6    Attorney General" is appointed by the elected Attorney General as his or her top

7    lieutenant.

8        64.    Defendant Esquibel directed the OMW Investigation.

9        65.    Defendant Esquibel's subordinate Defendant Hanson also participated in

10   the March 11, 2016 conference call with Esquibel and Pearce.

11       66.    Both Defendant Esquibel and Defendant Hanson are experienced

12   employment lawyers and longtime employees of the Attorney General's Office.

13       67.    During the March 11, 2016 conference call, Defendant Esquibel directed

14   Pearce to investigate a second issue with no connection to Leishman's complaint of

15   employer discrimination on the basis of sexual orientation:  separate secret complaints

16   from Leishman's supervisors at the Attorney General's Office regarding Leishman's

17   workplace conduct ("Employee Conduct Allegations").

18       68.    Defendant Attorney General's Office's lawyers and investigator

19   intentionally concealed the Employee Conduct Allegations from Leishman and his

20   attorney.

21       69.    The Employee Conduct Allegations included accusations related to

22   Leishman's disability.

23       70.    The Employee Conduct Allegations reflected the Defendants' implicit and

24   explicit bias against Leishman.

25

AMENDED COMPLAINT - 10

71.     Defendant Esquibel and Defendant Hanson intended to use the Employee Conduct Allegations as a pretext for terminating Leishman's employment.

72.     During the March 16, 2016 telephone conversation with Leishman referred to in Paragraph 48 *supra*, Pearce concealed from Leishman the fact that lawyers representing Defendant Attorney General's Office had already directed their investigator to include the Employee Conduct Allegations within the scope of the OMW Investigation.

73.     After speaking with Leishman on March 16, 2016, Pearce sent an email to Defendant Esquibel and Defendant Hanson informing them of Leishman's understanding that the scope of the OMW Investigation was limited to discrimination based on sexual orientation.

74.     Pearce's March 16, 2016 email asked Defendant Attorney General's Office to confirm that the scope of the OMW Investigation nevertheless included two separate issues: (1) discrimination based on sexual orientation; and (2) Employee Conduct Allegations.

75.     On March 16, 2016, Defendant Hanson sent an email to Pearce and Defendant Esquibel confirming their shared secret understanding regarding the scope of the OMW Investigation.

76.     Prior to May 9, 2016, Defendant Attorney General's Office never informed Leishman the scope of the OMW Investigation included any issue other than discrimination based on sexual orientation.

77.     If at any time before May 9, 2016, Leishman had known Defendant Attorney General's Office's and OMW's representations were false, Leishman and his disability lawyer would have objected immediately. They would have refused to participate any further in the purportedly "independent" investigation into Leishman's sexual orientation discrimination complaint, and they would have insisted Defendant Attorney

AMENDED COMPLAINT - 11

ROGER LEISHMAN, ESQ.
PO BOX 2207
BELLINGHAM, WASHINGTON  98227

General's Office engage without further delay in a good faith interactive process to address Leishman's separate pending disability accommodation request.

**Ethical violations by Defendants Esquibel and Hanson**

78. Secretly expanding the scope of the OMW Investigation without informing Leishman and without amending the Work Order was merely illegal and in violation of the applicable standard of care. After Leishman hired an attorney to represent him in his employment dispute, Defendant Esquibel and Defendant Hanson's actions also violated their professional obligations as lawyers.

79. On April 5, 2016, Leishman sent Pearce copies of background materials related to his employment.

80. On April 13, 2016, at Pearce's request, Leishman sent OMW a detailed written chronology enumerating multiple examples of homophobia and implicit bias at Defendant Attorney General's Office, outlining the history of his employment with the Attorney General's Office, and identifying additional witnesses and documents related to Leishman's sexual orientation discrimination complaint.

81. On April 14, 2016, Pearce interviewed Leishman *ex parte* at OMW's Seattle office for over an hour, primarily regarding the Employee Conduct Allegations.

82. Notwithstanding the requirements of Rule of Professional Responsibility 4.2, no one from Defendant Attorney General's Office obtained Phelan's consent to communicate with Leishman *ex parte* regarding the subject matter of Phelan's representation.

83. On April 29, 2016, Pearce provided his final investigation report ("OMW Report") to Defendant Attorney General's Office.

84. Neither Defendant Attorney General's Office nor OMW provided copies of the draft or final OMW Report to Leishman or his attorney.

AMENDED COMPLAINT - 12

85.    Leishman and his attorney were never given any opportunity to review or discuss drafts of the OMW Report, or to respond to the Employee Conduct Allegations.

86.    Contrary to the terms of the contractual Work Order, the OMW Report was not limited to the sexual orientation discrimination issues raised by Leishman's complaint.

87.    According to the OMW Report, the OMW Investigation involved "two issues:  A) whether Assistant Attorney General Roger Leishman experienced discrimination based on his sexual orientation; and B) whether Mr. Leishman conducted himself appropriately in a March 1, 2016 meeting in his office with his supervisor."

88.    The primary focus of the OMW Report was the Employee Conduct Allegations.

89.    The OMW Report failed to address the extensive evidence of implicit and explicit workplace homophobia at Defendant Attorney General's Office that Leishman had provided.

90.    The OMW Report repeatedly relied on information obtained during the investigator's *ex parte* interrogation of Leishman regarding the subject matter of his representation by counsel.

91.    The OMW Report repeated unreliable and false hearsay as true.

92.    The OMW Report included numerous material false or misleading statements and omissions.

93.    Defendant Attorney General's Office commissioned the OMW Report in retaliation for Leishman's attempts to seek a nondiscriminatory workplace.

94.    Defendant Attorney General's Office relied on the OMW Report as a basis for terminating Leishman.

ROGER LEISHMAN, ESQ.
PO BOX 2207
BELLINGHAM, WASHINGTON  98227

1

**Multiple senior lawyers at the Attorney General's Office were aware of Hanson's and Esquibel's violations of the Rules of Professional Responsibility**

2    95.    On May 3, 2016, Phelan sent Defendant Hanson yet another email

3    regarding the disability accommodation process.

4    96.    In her May 3, 2016 email, Phelan informed Defendant Hanson that

5    Leishman had "recently been evaluated by a psychiatrist with regard to his medical

6    condition and its impact on his ability to perform his job – and specifically its impact on

7    his interactions with others in the workplace." Phelan asked Hanson to forward an

8    "accommodation assessment form to send to the psychiatrist to complete."

9    97.    On May 4, 2016, Defendant Hanson finally responded to repeated inquiries

10    from Leishman's attorney by sending an email to Phelan suggesting they confer the

11    following week.

12    98.    Later on May 4, 2016, Phelan sent an email to Defendant Hanson agreeing

13    to accommodate the Attorney General's Office's scheduling request and meet with

14    Hanson the following week. Phelan's email also renewed her request that Hanson send a

15    copy of the State's preferred disability accommodation form.

16    99.    After receiving Phelan's May 4, 2016 email, Defendant Hanson forwarded

17    their May 3, 2016 and May 4, 2016 email correspondence to senior lawyers within the

18    Attorney General's Office, including Defendant Esquibel, Defendant Dietrich, and

19    Defendant Beusch, as well as to Managing Human Resources Consultant Rochelle

20    LaRose.

21    100.    No later than May 4, 2016, Defendant Esquibel and other managing

22    lawyers at Defendant Attorney General's Office knew that their investigator had engaged

23    in unauthorized *ex parte* communications with Leishman during the period when he was

24    represented by counsel regarding the subject matter of Phelan's representation.

25

AMENDED COMPLAINT - 14

101.    Nevertheless, Defendant Attorney General's Office continued to rebuff Phelan's attempts to communicate with Leishman's employer about the status of his employment and potential accommodations of his disability.

102.    Instead, on May 5, 2016, representatives of Defendant Attorney General's Office informed Leishman the OMW Investigation was complete, and summoned him to meet at the Attorney General's Office in Seattle on May 9, 2016, the following Monday.

103.    There was no discussion at the May 9, 2016 meeting. Rather, representatives of Defendant Attorney General's Office handed Leishman a one sentence letter terminating his employment effective June 1, 2016, together with copies of the OMW Report.

**Defendants' continuing efforts to conceal attorney wrongdoing**

104.    No later than June 2016, other managing attorneys within Defendant Attorney General's Office, including Defendant Petrie, also became aware that Defendant Hanson had directed their investigator Pearce to interrogate Leishman *ex parte* about the subject matter of Phelan's representation without obtaining Phelan's consent.

105.    From May 4, 2016 through October 2016, Defendant Attorney General's Office convened numerous high-level secret Damage Control Meetings to address the consequences of the AGO Defendants' unlawful response to Leishman's disability, his sexual orientation, and his engagement of counsel.

106.    Defendant Esquibel led the Damage Control Meetings.

107.    Other senior Attorney General's Office attorneys who participated in the Damage Control Meetings include Defendant Beusch, Defendant Dietrich, then-Assistant Attorney General Christopher Lanese, Defendant Petrie, and Defendant Shinn.

108.    Notwithstanding the obligations of supervisory lawyers under both the common law and RPC 5.1(c) and RPC 5.3, no lawyer from the Attorney General's Office

AMENDED COMPLAINT - 15

who knew of Hanson and Pearce's misconduct at a time when its consequences could be avoided or mitigated has ever taken any remedial action.

**Fraudulently induced Settlement Agreement between Leishman and State**.

109.    Lawyers for the Attorney General's Office and for Leishman mediated in Seattle in October 2016.

110.    Prior to the mediation, Defendants intentionally concealed material information from Leishman and his attorney.

111.    During the mediation, the parties reached agreement on the terms of a written Settlement Agreement including an Addendum that was signed in November 2016.

112.    The Attorney General's Office Defendants fraudulently and wrongfully induced Leishman to enter into the Settlement Agreement.

113.    Under the Settlement Agreement, Leishman released his claims against the State, including the Attorney General's Office, and any officers, agents, employees, agencies, or departments of the State of Washington.

114.    The Settlement Agreement, including the release provision, does not refer to OMW or Pearce, and does not include a release of OMW or Pearce.

**Leishman's separate lawsuit against OMW and Pearce**

115.    On May 10, 2017, Leishman filed a lawsuit in King County Superior Court against OMW and Pearce. A copy of Leishman's Complaint in the OMW Lawsuit is attached as **Exhibit 1** hereto.

116.    On November 3, 2017, the trial court granted defendants' motion for judgment on the pleadings on the grounds that they were absolutely immune from any liability under RCW 4.24.510, Washington's anti-SLAPP citizen whistleblower protection statute.

AMENDED COMPLAINT - 16

117.     On September 3, 2019, Division One of the Court of Appeals reversed the trial court's ruling in a reported decision, *Leishman v. Ogden Murphy Wallace, PLLC,* 10 Wn.App.2d 826, 451 P.3d 1101 (2019).

118.     On October 3, 2019, OMW and Pearce filed a petition for review in the Washington Supreme Court.

119.     The Court accepted review on January 29, 2020.

120.     The Supreme Court held oral argument on June 9, 2020.

121.     The OMW Lawsuit remains pending in the Washington Supreme Court.

**Leishman's discovery of concealed lawyer misconduct**

122.     In July 2017, Leishman served discovery requests on OWM seeking copies of documents related to the OMW Investigation.

123.     Leishman first learned of Esquibel's involvement in the OMW Investigation on October 20, 2017, when counsel for OMW belatedly produced a copy of Pearce's March 16, 2016 email to Esquibel and Hanson regarding Defendant Attorney General's Office's secret expansion of the OMW Investigation.

124.     In response to Leishman's subsequent requests under the Public Records Act, Defendant Attorney General's Office eventually produced emails and other contemporaneous records documenting violations of the Rules of Professional Conduct by lawyers employed by the Attorney General's Office. *See* **Exhibit 2** hereto.

**Bar grievances against Defendant Esquibel and Defendant Hanson**

125.     In December 2018, Leishman filed grievances with the Washington State Bar Association regarding Defendant Esquibel's and Defendant Hanson's conduct.

126.     When individual attorneys employed by the State violate provisions of the Rules of Professional Responsibility, they are subject to the same disciplinary procedures as other members of the bar, and must defend themselves at their own expense. The

AMENDED COMPLAINT - 17

1  Washington Constitution and longstanding statutory provisions prohibit lawyers from the

2  Washington Attorney General's Office from expending public resources to defend state

3  officers and employees accused of ethical violations. *See, e.g.*, *Sanders v. State*, 166

4  Wn.2d 164, 207 P.3d 1245 (2010).

5      127.    Nevertheless, lawyers from Defendant Attorney General's Office appeared

6  on behalf of Defendant Esquibel and Defendant Hanson in their disciplinary proceedings,

7  and convinced the bar association's Office of Disciplinary Counsel to indefinitely

8  postpone any investigation into Leishman's allegations of lawyer misconduct.

9      128.    The bar grievances against Defendant Esquibel and Defendant Hanson

10 remain deferred pending the final resolution of the OMW Lawsuit.

11 **Defendants' expenditure of public resources for private benefit.**

12     129.    After lawyers from Defendant Attorney General's Office appeared on

13 behalf of Defendant Esquibel and Defendant Hanson in their lawyer disciplinary

14 proceedings, Leishman submitted requests to the Attorney General's Office under the

15 Public Records Act seeking copies of documents related to the expenditure of public

16 resources for the private benefit of Esquibel and Hanson.

17     130.    In response to Leishman's Public Records Act requests, the Attorney

18 General's Office produced timekeeper summaries and billing invoices establishing the

19 expenditure of thousands of tax dollars for the private benefit of Defendant Esquibel and

20 Defendant Hanson by Defendant Ferguson, Defendant Suzanne LiaBraaten, and Special

21 Assistant Attorney General Mark Fucile, the Attorney General's Ethics Advisor.

22 **Executive Ethics Board complaints against AGO Defendants**

23     131.    Under the Ethics in Public Service Act, if individuals believe that a state

24 officer or state employee has engaged in activities that are in violation of the state ethics,

25 they may file a complaint with the Executive Ethics Board. On February 25, 2020,

AMENDED COMPLAINT - 18

Leishman submitted ethics complaints against Defendant Esquibel and Defendant Hanson contending their unauthorized receipt of public resources in connection with the lawyer disciplinary proceedings violated RCW 42.52.160(1).

132.    Leishman also submitted ethics complaints against three individuals who illegally expended public resources for Esquibel's and Hanson's private benefit: Defendant Ferguson, Defendant LiaBraaten, and Special Assistant Attorney General Marc Fucile.

133.    Although the Washington Executive Ethics Board is a separate executive branch agency, the Executive Ethics Board is housed within the Washington Attorney General's Office, and is staffed by employees of Defendant Attorney General's Office. Defendant Kate Reynolds, the Executive Director of the Washington State Executive Ethics Board, reports to Defendant Noah Purcell, another one of Attorney General Bob Ferguson's top lieutenants.

134.    Despite the plain language of the Ethics in Public Service Act and its implementing regulations, Defendant Reynolds refused to accept for filing Leishman's complaints alleging violations of the Ethics in Public Service Act by Reynolds' co-workers in the Washington Attorney General's Office.

**Pending Mandamus action in King County Superior Court**

135.    After Defendant Reynolds refused to file the Executive Ethics Board complaints he submitted on February 25, 2020, Leishman unsuccessfully attempted to address Reynolds' stated concerns.

136.    On June 30, 2020, Leishman filed an action in King County Superior Court seeking a Writ of Mandamus ordering Executive Director Reynolds to do her job. A copy of Leishman's Petition for Writ of Mandamus, including exhibits, is attached as **Exhibit 3** hereto.

ROGER LEISHMAN, ESQ.
PO BOX 2207
BELLINGHAM, WASHINGTON  98227

**Public Accountability Defendants' conflicts of interest**

137.    Leishman filed a Notice of Claim pursuant to the State's tort claim process on February 18, 2020. A copy of Leishman's Notice of Claim is attached as **Exhibit 4** hereto.

138.    On March 11, 2020, Defendant Office of Risk Management sent Leishman a letter stating it had "assigned investigation of the claim to the Torts Division of the Attorney General's Office." A copy of the March 11, 2020 letter is attached as **Exhibit 5** hereto.

139.    On March 19, 2020, Leishman sent a letter to Defendant Purcell, who serves as the Attorney General's general counsel, informing him that "obvious conflicts of interest preclude the Torts Division from participating in this matter." A copy of Leishman's March 19, 2020 letter is attached as **Exhibit 6** hereto.

140.    Defendants never responded to Leishman's March 19, 2020 letter.

141.    Instead, in a letter dated April 9, 2020, the Attorney General's Torts Division informed Leishman there wouldn't be any investigation, and "any further action to pursue this claim will be your responsibility." A copy of Defendant's April 9, 2020 letter is attached as **Exhibit 7** hereto.

142.    On April 17, 2020, Leishman sent a letter to Jason Siems, the State Risk Manager, alerting him to this clear failure of the State's public accountability systems in this matter. Leishman asked Mr. Siems to take this opportunity to investigate his claim objectively, rather than requiring Leishman to move forward with a lawsuit as required by the tort claims statute. A copy of Leishman's April 17, 2020 letter is attached as **Exhibit 8** hereto.

143.    Defendants never responded to Leishman's April 17, 2020 letter.

ROGER LEISHMAN, ESQ.
PO BOX 2207
BELLINGHAM, WASHINGTON 98227

**Defendants' continuing violations of Leishman's rights**

144. Since October 20, 2017, Leishman has diligently attempted to uncover the full extent of Defendants' wrongdoing, including through requests under the Public Records Act.

145. Defendants have repeatedly attempted to conceal their wrongdoing.

146. Defendants have expended thousands of dollars in public resources in their efforts to postpone scrutiny and evade responsibility for their misconduct.

147. Both before and after November 2016, Defendants conspired to harm Leishman.

148. Both before and after November 2016, Defendants' conduct harmed Leishman.

149. Both before and after November 2016, Defendants conspired to conceal their wrongdoing.

150. Defendants' conduct exacerbated Leishman's disability symptoms and caused substantial distress to him and his family.

151. During a substantial portion of the period from November 2016 to January 2020, Leishman was incapacitated by his disability, including by the injuries Defendants caused.

152. Both before and after November 2016, Defendants interfered with Leishman's efforts to gain suitable employment and to revive his professional career.

153. Both before and after November 2016, Defendants interfered with Leishman's efforts to discover the true circumstances of his wrongful termination and to petition the government for redress.

154. The AGO Defendants acted with the knowledge and approval of Washington Attorney General Bob Ferguson.

ROGER LEISHMAN, ESQ.
PO BOX 2207
BELLINGHAM, WASHINGTON  98227

## V. FIRST CLAIM FOR RELIEF – SECTION 1983

155.    Plaintiff Leishman repeats and re-alleges the allegations in all preceding paragraphs as if fully set forth herein.

156.    Acting under color of state law, the Public Accountability Defendants have violated and caused violations of Leishman's clearly established petition rights and equal protection rights under the First and Fourteenth Amendments to the United States Constitution.

157.    The Public Accountability Defendants' acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Leishman's constitutional rights.

## VI. SECOND CLAIM FOR RELIEF – STATE CONSTITUTION

158.    Plaintiff Leishman repeats and re-alleges the allegations in all preceding paragraphs as if fully set forth herein.

159.    Acting under color of state law, the Public Accountability Defendants have violated and caused violations of Leishman's petition rights pursuant to Article I, Section 4 of the Washington Constitution.

160.    The Public Accountability Defendants' acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Leishman's constitutional rights.

## VII. THIRD CLAIM FOR RELIEF – SECTION 1985 CONSPIRACY

161.    Plaintiff Leishman repeats and re-alleges the allegations in all preceding paragraphs as if fully set forth herein.

162.    The Public Accountability Defendants have conspired for the purpose of depriving Leishman of the equal protection of the laws and of his exercise of clearly established rights and privileges as a citizen.

ROGER LEISHMAN, ESQ.
PO BOX 2207
BELLINGHAM, WASHINGTON  98227

163.    The Public Accountability Defendants' acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Leishman's constitutional rights.

## VIII. FOURTH CLAIM FOR RELIEF – DISCRIMINATION

164.    Plaintiff Leishman repeats and re-alleges the allegations in all preceding paragraphs as if fully set forth herein.

165.    The AGO Defendants unlawfully discriminated against Leishman on the basis of his sexual orientation and disability.

## IX. FIFTH CLAIM FOR RELIEF – NEGLIGENCE

166.    Plaintiff Leishman repeats and re-alleges the allegations in all preceding paragraphs as if fully set forth herein.

167.    The Public Accountability Defendants breached the applicable standard of care.

168.    The AGO Defendants' negligent supervision of junior lawyers and staff breached the applicable standard of care.

169.    The Public Accountability Defendants' conduct proximately caused injury to Leishman.

## X. SIXTH CLAIM FOR RELIEF – DISCRIMINATION/RETALIATION

170.    Plaintiff Leishman repeats and re-alleges the allegations in all preceding paragraphs as if fully set forth herein.

171.    Since October 2017, Leishman has repeatedly applied for positions at Defendant WWU for which he was eminently qualified, including "LGBTQ+ Director," "Title IX Coordinator," "Disability Access Manager," and "Manager, Equal Opportunity Programs."

ROGER LEISHMAN, ESQ.
PO BOX 2207
BELLINGHAM, WASHINGTON  98227

172.    In response to these applications, Leishman has yet to receive a single interview invitation from WWU.

173.    Defendant WWU has violated provisions of Washington and federal law that prohibit employers from considering conduct related to a candidate's disability, and from retaliating on the basis of a candidate's prior exercise of rights under the Americans with Disabilities Act and the Washington Law Against Discrimination.

## XI. SEVENTH CLAIM FOR RELIEF – BREACH OF CONTRACT

174.    Plaintiff Leishman repeats and re-alleges the allegations in all preceding paragraphs as if fully set forth herein.

175.    The November 2016 Settlement Agreement between Leishman and the State prohibits representatives of Defendant Attorney General's Office from communicating about Leishman's former employment to third parties, including potential employers like WWU.

176.    Since November 2016, Defendant Attorney General's Office has breached the provision of the Settlement Agreement prohibiting the Attorney General's Office from communicating about Leishman's former employment.

## XII. FIRST ALTERNATIVE ADDITIONAL CLAIM – RESCISSION/REFORMATION

177.    Plaintiff Leishman repeats and re-alleges the allegations in all preceding paragraphs as if fully set forth herein.

178.    Pursuant to CR 8(e)(2), Leishman alleges Paragraphs 178 through Paragraph 189 in the alternative to his Seventh Claim for Relief – Breach of Contract.

179.    In the separate pending OMW Lawsuit, Leishman seeks damages for injuries caused by conduct occurring before November 2016.

ROGER LEISHMAN, ESQ.
PO BOX 2207
BELLINGHAM, WASHINGTON  98227

180.    In the event that Leishman obtains an adequate recovery from OMW, his claims against Defendants will be limited to damages for injuries caused by conduct occurring after November 2016.

181.    In the event that Leishman is precluded from seeking relief from OMW by the Supreme Court's ruling in OMW's appeal, or if Leishman is otherwise unable to obtain an adequate recovery from OMW and its insurers, this suit will also seek damages from the AGO Defendants for injuries caused by conduct occurring before November 2016.

182.    Leishman therefore requests in the alternative that the Court rescind or reform the Settlement Agreement to the extent necessary to achieve the ends of justice in light of Defendants' pattern of misconduct.

### XIII. SECOND ALTERNATIVE ADDITIONAL CLAIM – MISREPRESENTATION

183.    Plaintiff Leishman repeats and re-alleges the allegations in all preceding paragraphs as if fully set forth herein.

184.    The AGO Defendants' material representations and omissions proximately caused injury to Leishman.

### XIV. THIRD ALTERNATIVE ADDITIONAL CLAIM – DISABILITY DISCRIMINATION

185.    Plaintiff Leishman repeats and re-alleges the allegations in all preceding paragraphs as if fully set forth herein.

186.    Defendant Attorney General's Office discriminated against Leishman on the basis of his disability.

AMENDED COMPLAINT - 25

## XV. FOURTH ALTERNATIVE ADDITIONAL CLAIM – SEXUAL ORIENTATION DISCRIMINATION

187.    Plaintiff Leishman repeats and re-alleges the allegations in all preceding paragraphs as if fully set forth herein.

188.    Defendant Attorney General's Office, Defendant WWU, and Defendant Shepard discriminated against Leishman on the basis of his sexual orientation.

189.    Defendant Attorney General's Office, Defendant Shephard, and Defendant Shinn colluded for the purpose of concealing Shepard's role in Leishman's wrongful termination.

## XVI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Roger Leishman respectfully prays for the following relief:

190.    Entry of a money judgment jointly and severally against Defendants in an amount to be proved at trial, and in any event no less than $2,000,000.

191.    Rescission or reformation of the Settlement Agreement and Release as deemed appropriate by the Court.

192.    An award of Leishman's reasonable attorney's fees, expenses and costs, to the fullest extent allowed by law and equity; and

193.    Any further relief as this Court may deem necessary and proper.

DATED this 8th day of July, 2020.

_/s/ Roger A. Leishman_
Roger A. Leishman, WSBA # 19971
*Pro se*

ROGER LEISHMAN, ESQ.
PO BOX 2207
BELLINGHAM, WASHINGTON  98227

# CERTIFICATE OF SERVICE

I certify that on this 8th day of July 2020, I caused to be electronically filed the

Amended Complaint with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to the following:

A. JANAY FERGUSON, WSBA No. 31246
Assistant Attorney General
Office of the Attorney General
800 Fifth Avenue, Suite 2000 Seattle, WA 98104
Tel: (206) 464-7352/ Fax: (206) 587-4229
Janay.Ferguson@atg.wa.gov
Attorney for Defendants Attorney General's Office, Esquibel, WWU, and Shepard

JEFFREY C. GRANT, WSBA No. 11046
Assistant Attorney General
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Tel: (206) 464-7352/ Fax: (206) 587-4229
Jeffrey.Grant@atg.wa.gov
Attorney for Defendants Attorney General's Office, Esquibel, WWU, and Shepard

DATED this 8th day of July, 2020.

_/s/ Roger A. Leishman_
Roger A. Leishman, WSBA # 19971
*Pro se*

AMENDED COMPLAINT - 27