HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Roger Leishman,

        Plaintiff,

      v.

Washington Attorney General's Office *et al.*,

        Defendants.

Case No.  2:20-cv-00861-RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Disqualify Counsel and to Direct Parties to Participate in Alternative Dispute Resolution (Dkt. # 42) and Defendants' Motion to Seal Declaration of Roger Leishman and Attached Exhibits C, E, and N (Dkt. # 57).  Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary.  For the reasons below, Plaintiff's motion to disqualify is **DENIED**, and Defendants' motion to seal is **DENIED**.

## II.   DISCUSSION

**A.     Motion to Disqualify (Dkt. # 42)**

Plaintiff Roger Leishman moves to disqualify Defendant Allyson Janay Ferguson

ORDER – 1

1   from representing fellow Defendants in this matter.  Dkt. # 42.  He argues that she has

2   "violated professional rules regarding candor, conflicts of interest, and invidious

3   discrimination" and should be disqualified accordingly.  *Id.* at 2.  Beyond her

4   disqualification, Mr. Leishman requests that no member of the Washington Attorney

5   General's Office ("AGO") be permitted to represent Defendants in this action.  *Id.*

6   Instead, he seeks an order from this Court appointing a Special Assistant Attorney

7   General to represent Defendants.  *Id.*[1]

8                    **i.    Legal Standard**

9         District courts bear the "primary responsibility" for "controlling the conduct of

10  lawyers practicing before [them]."  *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980).

11  When considering a motion to disqualify counsel, a court "first refers to the local rules

12  regulating the conduct of members of its bar."  *Avocent Redmond Corp. v. Rose Elecs.*,

13  491 F. Supp. 2d 1000, 1003 (W.D. Wash. 2007) (quoting *United States v. Titan Pac.*

14  *Constr. Corp.*, 637 F. Supp. 1556, 1560 (W.D. Wash. 1986)).  Attorneys in the Western

15  District of Washington must comply with the Washington Rules of Professional Conduct

16  ("RPC"), as promulgated and interpreted by the Washington State Supreme Court.  Local

17  Rules W.D. Wash. LCR 83.3(a)(2).  *See also In re Cty. of Los Angeles*, 223 F.3d 990, 995

18  (9th Cir. 2000).

19        Given their "potential for abuse," disqualification motions should be subjected to

20  "particularly strict judicial scrutiny."  *Optyl Eyewear Fashion Int'l Corp. v. Style*

21  *Companies, Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (quoting *Rice v. Baron*, 456 F.

22  Supp. 1361, 1370 (S.D.N.Y. 1978)); *see also FMC Techs., Inc. v. Edwards*, 420 F. Supp.

23  2d 1153, 1157 (W.D. Wash. 2006) (acknowledging that disqualification is a "drastic

24  measure," requiring a court to "consider the danger of a motion to disqualify opposing

25

26  _____

27  [1] Initially, Mr. Leishman requested an order from this Court directing the parties to
    participate in early alternative dispute resolution under Local Rule 39.1.  Dkt. # 42 at 11-
    12.  He has since withdrawn that request.  Dkt. # 80.

28  ORDER – 2

1    counsel as a litigation tactic").

2                    **ii.    Rules of Professional Conduct**

3            Mr. Leishman accuses Ms. Ferguson of violating three Rules of Professional

4    Conduct: RPC 3.3, RPC 3.7(a), and RPC 8.4(g).[2]  Dkt. # 42 at 9-10.  In support of his

5    accusations, he offers no serious argument.  Mr. Leishman simply states that Ms.

6    Ferguson's violation of each rule is obvious and that no further explanation is required:

7    he cites a rule, concludes that she violated it, and turns to the next.  *Id.*  The Court finds

8    his arguments conclusory and unsupported.  In any event, the Court measures Ms.

9    Ferguson's conduct against the three rules identified.

10                        **(1) RPC 3.3**

11           Under RPC 3.3(a), a lawyer must not knowingly "make a false statement of fact or

12   law to a tribunal or fail to correct a false statement of material fact or law previously

13   made to the tribunal by the lawyer."  If a lawyer has offered such evidence, however, and

14   comes to know of its falsity, "the lawyer shall promptly disclose this fact to the tribunal."

15   RPC 3.3(c).  Comment two to the rule states that a lawyer must present a client's case

16   with "persuasive force" and is not required to "present an impartial exposition."  RPC 3.3

17   cmt. 2.  Yet a lawyer "must not allow the tribunal to be misled by false statements of law

18   or fact or evidence that the lawyer knows to be false."  *Id.*

19           Mr. Leishman argues that Ms. Ferguson made "multiple false and misleading

20   statements" to this Court while moving to dismiss his complaint.  Dkt. # 42 at 7-8.  Those

21   false statements, he says, can be found in Defendants' principal and reply briefs.  *Id.*; *see*

22   *also* Dkt. ## 26, 30.  The statements are (1) Mr. Leishman did not file a standard tort

23   claim for any claim, (2) his March 2, 2016 discrimination complaint was made to "excuse

24   his conduct" the day before, (3) he "fully settled and resolved his claims arising from his

25   _____

26   [2] Though he cites RPC 1.7, the rule governing conflicts of interest, Mr. Leishman does
     not base his motion on that rule.  *See* Dkt. # 42 at 9-10.  The Court thus does not analyze
27   RPC 1.7 and need not determine whether Mr. Leishman lacks standing to bring a
     conflicts of interest challenge in the first place, as Defendants suggest.  Dkt. # 44 at 7.

28   ORDER – 3

1   employment," (4) he "prejudiced" Defendants by forcing them to file a reply brief in

2   shortened time, and (5) his objections to further contact with Ms. Ferguson were because

3   of his bias against her sex.  *Id.*

4          Besides the motion to dismiss briefing, Mr. Leishman argues that, after he filed

5   bar grievances against Defendants Esquibel and Hanson, Ms. Ferguson (and other

6   Defendants from the AGO) came to Mr. Esquibel and Ms. Hanson's defense.  Dkt. # 42

7   at 6.  He says during that matter "[t]he AGO made multiple false statements."  *Id.*  He

8   does not identify any specific statements made by Ms. Ferguson.  *Id.*  He only says that

9   she was "one of the lawyers who worked on the matter."  *Id.*

10          Only one of the supposed misrepresentations, the first, is worth addressing.  The

11   rest are either opinions or not misstatements at all.  For example, the motive behind Mr.

12   Leishman's filing of a work complaint, the scope of his settlement with the AGO,

13   whether Defendants were prejudiced by his untimely filing, and his motives for seeking

14   to disqualify only Ms. Ferguson (and not her co-counsel) are all colorable arguments.

15   They are not obviously true or untrue, making RPC 3.3(a) a poor fit.  And Ms.

16   Ferguson's time entries in a separate disciplinary proceeding are not misstatements at all.

17   Dkt. # 11-1 at 113-17.  A general charge that the AGO (and, by implication, Ms.

18   Ferguson) "made multiple false statements"—without any explanation of what Ms.

19   Ferguson specifically said at the proceeding—is nebulous.

20          As for the first supposed misrepresentation, Defendants mistakenly argued in their

21   motion dismiss that Mr. Leishman failed to comply with the Washington Tort Claims

22   Act.  Dkt. # 26 at 11-12.  This Court previously explained, however, that Defendants later

23   filed an errata correcting their misstatement.  Dkt. # 67 at 7; *see also* Dkt. # 27.  This

24   does not violate RPC 3.3—it was a mistake that Defendants promptly corrected.  Thus,

25   the Court finds no violation of RPC 3.3.

26                         **(2) RPC 3.7(a)**

27          RPC 3.7(a) maintains:

28   ORDER – 4

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

> (1) the testimony relates to an uncontested issue;

> (2) the testimony relates to the nature and value of legal services rendered in the case;

> (3) disqualification of the lawyer would work substantial hardship on the client; or

> (4) the lawyer has been called by the opposing party and the court rules that the lawyer may continue to act as an advocate.

When interpreting this provision, "courts have been reluctant to disqualify an attorney absent compelling circumstances." *Pub. Util. Dist. No. 1 of Klickitat Cty. v. Int'l Ins. Co.*, 881 P.2d 1020, 1033 (Wash. 1994). "A motion for disqualification under RPC 3.7 must be supported by a showing that (1) the attorney will give evidence material to the determination of the issues being litigated, (2) the evidence is unobtainable elsewhere, and (3) the testimony is or may be prejudicial to the testifying attorney's client." *State v. Sanchez*, 288 P.3d 351, 364 (Wash. Ct. App. 2012) (citing *Pub. Util. Dist.*, 881 P.2d at 1033).

To start, excluding Ms. Ferguson under this rule would be premature. The plain language of RPC 3.7(a) is "unequivocally clear": it prohibits, with certain exceptions, attorneys from "acting as an advocate *at trial*." *United States Fire Ins. Co. v. Icicle Seafoods, Inc.*, No. 2:20-cv-00401-RSM, 2021 WL 843155, at *3 (W.D. Wash. Mar. 5, 2021) (emphasis in original). Whether Ms. Ferguson will be called as a witness at trial is a matter of speculation. Here, trial has not even been scheduled yet. Dkt. # 48.

More importantly, Mr. Leishman fails to show any circumstances, let alone compelling ones, requiring disqualification under RPC 3.7. He has not shown that Ms. Ferguson will give evidence material to determination of the issues being litigated. Ms. Ferguson, on the other hand, represents that before this action she had next to no interaction with Mr. Leishman. Dkt. # 44-1. Further, for the remaining two prongs, he

ORDER – 5

1    fails to show that such material evidence (to the extent it exists) would be unobtainable

2    elsewhere and that Ms. Ferguson's potential testimony would be prejudicial.  Hence, Mr.

3    Leishman fails to meet his burden to show disqualification under RPC 3.7.

4                                    **(3) RPC 8.4(g)**

5           Under RPC 8.4(g), it is professional misconduct for a lawyer to "commit a

6    discriminatory act prohibited by state law on the basis of . . . sexual orientation . . . ,

7    where the act of discrimination is committed in connection with the lawyer's professional

8    activities."

9           There is simply no evidence that any of the actions Mr. Leishman complains of

10   (see *supra* Section II.A.ii.1) were discriminatory acts on the basis of his sexual

11   orientation.  Mr. Leishman makes a serious charge without any support.  Dkt. # 42 at 10.

12   The Court rejects it.

13          Finally, because the Court does not disqualify Ms. Ferguson, it need not reach Mr.

14   Leishman's remaining argument that the Court should appoint a Special Assistant

15   Attorney General to appear on behalf of Defendants.  Dkt. # 42 at 10-11.

16                          **iii.     Meet and Confer**

17          To date, despite this Court's standing order, Mr. Leishman has apparently refused

18   to confer with Defendants' counsel.  Dkt. # 6 ¶ 6 (standing order) ("[C]ounsel

19   contemplating the filing of any motion shall first contact opposing counsel to discuss

20   thoroughly, preferably in person, the substance of the contemplated motion and any

21   potential resolution. The Court construes this requirement strictly."); *see also* Dkt. # 57 at

22   2-3; Dkt. # 72 at 2; Dkt. # 75 at 2.  He has refused to do so because communications with

23   Ms. Ferguson, he represents, triggers his post-traumatic stress disorder symptoms.  Dkt.

24   # 43 at 122-28.

25          The Court has now ruled on Mr. Leishman's motion to disqualify and does not

26   disqualify Ms. Ferguson as counsel for Defendants.  Going forward, absent a request to

27   this Court for an accommodation, the Court expects Mr. Leishman to satisfy his meet and

28   ORDER – 6

1   confer obligations.

2   **B.    Motion to Seal (Dkt. # 57)**

3   "Historically, courts have recognized a 'general right to inspect and copy public

4   records and documents, including judicial records and documents.'" *Kamakana v. City &*

5   *Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner*

6   *Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a

7   sealing request, "a strong presumption in favor of access is the starting point." *Id.*

8   (internal quotation marks omitted).

9   Generally, two standards govern motions to seal.  *Pintos v. Pac. Creditors Ass'n*,

10  605 F.3d 665, 678 (9th Cir. 2010).  A "compelling reasons" standard applies to most

11  judicial records, including those attached to dispositive motions.  *Id.*; *see also Kamakana*,

12  447 F.3d at 1179.  On the other hand, a "good cause" standard applies to nondispositive

13  motions.  *Pintos*, 605 F.3d at 678.

14  Responding to Defendants' motion to dismiss, Mr. Leishman filed a declaration

15  and several exhibits.  Dkt. ## 29, 29-1, 29-2, 31.  Defendants move to seal the entire

16  declaration and Exhibits C, E, and N attached thereto.  Dkt. # 57.  Because the records

17  were attached in response to Defendants' motion to dismiss, a dispositive motion, the

18  Court applies the "compelling reasons" standard.

19  Under that standard, "a party seeking to seal judicial records must show that

20  'compelling reasons supported by specific factual findings . . . outweigh the general

21  history of access and the public policies favoring disclosure." *Pintos*, 605 F.3d at 678

22  (quoting *Kamakana*, 447 F.3d at 1178-79).  The standard requires the court to "weigh

23  'relevant factors,' base its decision 'on a compelling reason,' and 'articulate the factual

24  basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* at 679.  A party

25  requesting to seal a judicial record must meet this standard "even if the dispositive

26  motion, or its attachments, were previously filed under seal or protective order."

27  *Kamakana*, 447 F.3d at 1179.

28  ORDER – 7

1    Defendants argue that the documents here should be sealed for two reasons.  First,

2  in a previous state action, a document identical to Exhibit C in this action (Dkt. # 29-1 at

3  9-21) was ordered to be sealed.  Dkt. # 57 at 6-7; *see also* Dkt. # 58 at 15-18.  Second, in

4  that same state court action, the state court entered an order prohibiting Mr. Leishman

5  from "us[ing] or otherwise disseminat[ing] any discovery materials" that he received

6  from defendants in that action.  Dkt. # 58 at 19-22.  Defendants argue that Exhibit E (Dkt.

7  # 31 at 3-4) and Exhibit N (Dkt. # 29-1 at 54-55) are in fact "discovery materials"

8  produced in the state court litigation.  Dkt. # 57 at 6-7.

9    Defendants fail to meet the compelling reasons standard.  Indeed, they do not cite

10  the standard at all.  *See* Dkt. ## 57, 62.  Their arguments rest entirely on a state court's

11  previous orders.  That court may well have had compelling reasons to seal documents in

12  that action and may well have been justified in preventing Mr. Leishman from using

13  discovery documents in the future.  But Defendants have not made their case in *this*

14  action.  Protective orders and the previous sealing of documents do not, themselves, show

15  compelling reasons.  *See Kamakana*, 447 F.3d at 1179.  Currently, the Court does not

16  have the information it needs to conclude that the documents in question[3] meet the

17  compelling reasons standard.

18    What is more, under the local rules of this district, a party moving to seal a

19  document must include a "specific statement" explaining "why a less restrictive

20  alternative to the relief sought is not sufficient."  Local Rules W.D. Wash. LCR

21  5(g)(3)(B)(iii).  Defendants fail to explain why the documents in question must be filed

22  entirely under seal rather than redacted.

23    Defendants' motion to seal is therefore **DENIED**.

24  / / /

25

26  ────────────────────
[3] In their reply, Defendants request that another exhibit (one that Mr. Leishman attached
27  to his response to the motion to seal) also be sealed.  Dkt. # 62 at 4-7.  Supposedly, that
    new exhibit references Exhibit C.  That request is rejected for the same reasons.

28  ORDER – 8

### III.  CONCLUSION

For the reasons stated above, the Court **DENIES** Mr. Leishman's Motion to Disqualify Counsel and to Direct Parties to Participate in Alternative Dispute Resolution (Dkt. # 42) and **DENIES** Defendants' Motion to Seal Declaration of Roger Leishman and Attached Exhibits C, E, and N (Dkt. # 57).

DATED this 27th day of August, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER – 9