HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Roger Leishman,

    Plaintiff,

v.

Washington Attorney General's Office *et al.*,

    Defendants.

Case No. 2:20-cv-00861-RAJ

**ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING DISABILITY ACCOMMODATION**

This matter comes before the Court on Plaintiff's Motion for Reconsideration (Dkt. # 91). Plaintiff Roger Leishman asks this Court to reconsider its previous order, in which the Court denied both Mr. Leishman's motion to disqualify and motion to seal. Dkt. # 90 (order); Dkt. # 42 (motion to disqualify); Dkt. # 57 (motion to seal).

Relevant here is Mr. Leishman's motion to disqualify. On September 10, 2020, Mr. Leishman moved to disqualify Defendant Allyson Janay Ferguson from representing fellow Defendants in this matter. Dkt. # 42. He requested three forms of relief:

> This Court should enter an order (1) disqualifying Defendant A. Janay Ferguson from representing any defendant in this matter; (2) disqualifying all other lawyers employed by the [Attorney General's Office], and directing the appointment of a qualified and disinterested Special Assistant Attorney General to appear on behalf of Defendants; and (3) directing the parties to participate in early Alternative Dispute Resolution pursuant to LCR 39.1(c) and LCR 39.1(f).

ORDER – 1

*Id.* at 12. Recounting his communication history with opposing counsel, Mr. Leishman explained that he had previously requested disability accommodations from Defendants' counsel. *Id.* at 8-9. Among his requests was a request to "designat[e] Assistant Attorney General Jeffrey Grant to communicate on behalf of Defendants, rather than Defendant Ferguson." *Id.* at 8-9. Defendants' counsel denied the accommodation. *Id.* Despite his previous disability accommodation requests to *counsel*, his motion to disqualify did not contain a similar request to *this Court*. *See id.*

Later, the Court denied the three forms of relief that Mr. Leishman was seeking in his motion to disqualify. Dkt. # 90 at 1-7. Because the Court did not disqualify Ms. Ferguson, the Court held, "[g]oing forward, absent a request to *this Court* for an accommodation, the Court expects Mr. Leishman to satisfy his meet and confer obligations." *Id.* at 6-7 (emphasis added).

Now, Mr. Leishman seeks reconsideration of the Court's previous order. Dkt. # 91. He does not challenge the Court's refusal to disqualify Ms. Ferguson. *Id.* at 2 n.1. He only seeks reconsideration "to the limited extent that the Order and the Court's interpretation of its Standing Order appear to require Leishman to engage in triggering personal interactions with Defendant Janay Ferguson." *Id.* at 1.

According to Mr. Leishman, the Court erred because he has already, in fact, made a disability accommodation request to this Court. *Id.* at 2. That request, he says, came in the form of a letter, filed on the docket, addressed to the undersigned, dated May 19, 2021—more than eight months after he filed his motion to disqualify. Dkt. # 74. In that letter, Mr. Leishman indeed requests "that the Court authorize Assistant Attorney General Jeffrey Grant, rather than Defendant Janay Ferguson, to speak on behalf of all Defendants during [] discussions of potential motions and other case management issues." *Id.* at 1.

Motions for reconsideration are disfavored under the Local Rules for the Western District of Washington. Local Rules W.D. Wash. LCR 7(h)(1). Thus, "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal

ORDER – 2

1    authority which could not have been brought to [the Court's] attention earlier with
2    reasonable diligence," such motions will ordinarily be denied. *Id.*

3        The Court did not commit manifest error. In its previous order, the Court denied
4    Mr. Leishman's motion to disqualify. Dkt. # 90. As explained above, the motion set
5    forth three specific requests for relief: a disability accommodation from this Court was
6    not among them. Principally, the motion asked the Court to disqualify Ms. Ferguson
7    from acting as counsel in this action. Dkt. # 42. The motion did not ask the Court to
8    modify its meet and confer requirements so that Mr. Leishman would no longer have to
9    confer with Ms. Ferguson. *Id.* Mr. Leishman does not argue that his motion, in fact,
10   contained such a request. *See* Dkt. # 91. Nor does he argue that the Court should have
11   construed his motion so. *See id.* Put simply, in its previous order, the Court denied the
12   relief that Mr. Leishman sought in his motion to disqualify—he did not seek a disability
13   accommodation in that motion.

14       Mr. Leishman argues that the Court erred because it did not consider his May 19,
15   2021 letter. Dkt. # 91. Yet that letter, not attached to any motion, was filed more than
16   eight months after the motion to disqualify. Dkt. # 74. Hence, it was not part of the
17   motion to disqualify record. Thus, reconsideration of the Court's previous order is
18   unwarranted, and Mr. Leishman's motion for reconsideration is **DENIED**. Dkt. # 91.

19       As a separate matter, the Court takes the opportunity to address Mr. Leishman's
20   May 19, 2021 letter. Dkt. # 74. The Court construes the letter as a disability
21   accommodation request. *Id.* According to the letter, Mr. Leishman has "debilitating
22   [post traumatic stress disorder] and anxiety symptoms" as a result of "his traumatic
23   experiences as a repressed gay Mormon youth." *Id.* at 1-2; Dkt. # 92 ¶¶ 2-4, 8. These
24   symptoms are exacerbated, he says, by having to confer with Ms. Ferguson, as required
25   under this Court's standing order. Dkt. # 74 at 1-2. For purposes of complying with the
26   Court's meet and confer requirement, the Court finds good cause, given Mr. Leishman's
27   mental health concerns, to "authorize Assistant Attorney General Jeffrey Grant, rather

28   ORDER – 3

than Defendant Janay Ferguson, to speak on behalf of all Defendants during [] discussions of potential motions and other case management issues." *Id.*; *see also* Dkt. # 6 ¶ 6 (standing order's meet and confer requirement).

For the foregoing reasons, Mr. Leishman's Motion for Reconsideration (Dkt. # 91) is **DENIED**, and his request for a disability accommodation (Dkt. # 74) is **GRANTED**.

DATED this 15th day of September, 2021.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 4