1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

ROGER A. LEISHMAN,

Plaintiff,

v.

CASE NO. 2:20-cv-861

ORDER DENYING MOTION FOR
RECONSIDERATION

11

12

13

14

15

16

17

WASHINGTON ATTORNEY
GENERAL'S OFFICE; SHANE
ESQUIBEL; ELIZABETH CHRISTINA
BEUSCH; ALLYSON JANAY
FERGUSON; KARI HANSON;
SUZANNE LIABRAATEN; VALERIE
PETRIE; KATHRYN NADINE
REYNOLDS; WESTERN
WASHINGTON UNIVERSITY; BRUCE
SHEPARD; and OFFICE OF THE
GOVERNOR,
                    Defendants.

18

19

20

21

22

23

Plaintiff Roger Leishman moves for reconsideration of the Court's order

granting the State Defendants' motion to dismiss. Dkt. No. 194. Specifically,

Leishman requests that the Court "(1) reconsider its Rule 12(b)(6) untimeliness

ruling; (2) deny the State Defendants' motion to dismiss Leishman's WLAD claims

against them (Third Claim and Eighth Claim); and (3) grant Leishman's separate

motion to file his proposed amended complaint." Dkt. No. 197 at 10. Having

ORDER DENYING MOTION FOR RECONSIDERATION - 1

1   thoroughly considered Leishman's request and the relevant record, the Court

2   DENIES Leishman's motion for the reasons explained below.

3          "Motions for reconsideration are disfavored" and will usually be denied unless

4   there's a showing of "manifest error in the prior ruling" or "new facts or legal

5   authority which could not have been brought to [the Court's] attention earlier with

6   reasonable diligence." LCR 7(h)(1). Thus, a motion for reconsideration "may *not* be

7   used to raise arguments or present evidence for the first time when they could

8   reasonably have been raised earlier in the litigation." *Kona Enter., Inc. v. Est. of*

9   *Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original). Whether to grant

10  reconsideration is left to the court's discretion, *Navajo Nation v. Confederated*

11  *Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003),

12  but reconsideration is an "'extraordinary remedy, to be used sparingly in the

13  interests of finality and conservation of judicial resources.'" *Kona Enter., Inc.*, 229

14  F.3d at 890 (internal citation omitted).

15         Leishman argues that the Court erred in dismissing his Washington Law

16  Against Discrimination (WLAD) claims in his *Third* Amended Complaint because

17  Judge Jones's prior rulings about the timeliness of claims stated in Leishman's *First*

18  Amended Complaint are the law of the case. Leishman misapprehends the law of

19  the case doctrine, as he erroneously believes it cabins the Court's ability to rule

20  under these circumstances.

21         The Ninth Circuit describes the law of the case doctrine thusly:

22         Under the "law of the case" doctrine, a court is generally precluded from
           reconsidering an issue that has already been decided by the same court,
23         or a higher court in the identical case. The doctrine is not a limitation

on a tribunal's power, but rather a guide to discretion. A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) *other changed circumstances exist*; or 5) a manifest injustice would otherwise result.

*United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (internal citations omitted) (emphasis added).

A change in circumstances warranted a departure from Judge Jones's previous ruling. Namely, after Judge Jones issued his order granting in part and denying in part the State Defendants' motion to dismiss Leishman's First Amended Complaint, Leishman filed an amended complaint instead of prosecuting his surviving claims. An "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (internal citation omitted).

"[T]he filing of an amended complaint does not ask the court to reconsider its analysis of the initial complaint." *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1043 (9th Cir. 2018). "The district court may decide the second motion to dismiss in the same way it decided the first, but permitting the filing of an amended complaint requires a new determination. That leaves the district court free to correct any errors or misunderstandings without having to find that its prior decision was 'clearly erroneous.'" *Id.* (quoting *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998))*; see also O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 995–96 (N.D. Cal. 2014) ("[A] number of courts have permitted defendants to move to challenge the *entire* amended complaint — including those causes of

ORDER DENYING MOTION FOR RECONSIDERATION - 3

1   action the court had previously found sufficient."). Consequently, the law of the case

2   doctrine does not apply here.

3        Because Leishman fails to show why the Court should reverse or modify its

4   previous ruling his motion for reconsideration is DENIED.

5        Finally, Leishman requests that the Court grant his separate motion to file

6   another amended complaint. Whether to grant Leishman leave to file an amended

7   complaint, however, is a separate matter that the Court will not rule on in the

8   context of denying this motion.

9        Dated this 22nd day of December, 2023.

10

11                                    Jamal N. Whitehead
                                      United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

ORDER DENYING MOTION FOR RECONSIDERATION - 4